**\*\*E-filed 07/12/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CRAWFORD, et al.,<br><br>　　　Plaintiffs,<br>　v.<br><br>ZACHARIA MELZER, et al.,<br><br>　　　Defendants.<br>_____/ | **No. C  10-0280 RS**<br><br>**ORDER DENYING MOTION TO DISMISS** |

## I. INTRODUCTION

Defendant Tova Industries, LLC is a limited liability company headquartered in Louisville, Kentucky. It was founded by husband and wife Zacharia and Yael Melzer, who are its only members. Tova is in the food distribution service business, and for several years had a division based in Union City, California. Tova entered into an agreement to sell that division to plaintiff Kenneth Crawford, who, without objection from the Melzers, ultimately took title in the name of plaintiff New Horizon Foods, Inc. Crawford and New Horizon brought this action sounding in contract, fraud, and declaratory relief, in essence contending that they paid far too much based on false financial information given to them.

Based on an extremely narrow reading of the parties' agreements, defendants now move to dismiss, arguing that plaintiffs have failed to state a claim. The Melzers further contend that there is

no personal jurisdiction over them. This matter was submitted without oral argument, pursuant to Civil Local Rule 7-1(b). With the exception of dismissing three specific claims to the extent those claims are brought against the individual defendants, the motion will be denied.

## II. DISCUSSION

### A. The nature of the contractual relationship

The relevant transactional documents are attached to the amended complaint as Exhibits A-D. They are (1) an Asset Purchase Agreement, dated on or about January 9, 2009, (2) an Addendum to the Asset Purchase Agreement, dated on or about April 6, 2009, (3) a Promissory Note, dated on or about April 6, 2009 and (4) a Bill of Sale, dated on or about April 6, 2009. Defendants' arguments virtually all turn on their contentions this was only the sale of business assets, not the sale of an ongoing business, and that the Melzers were not individually parties to any of the agreements.

Although the first two documents are entitled "asset purchase agreement" and an addendum thereto, *numerous* provisions in them reflect an intent to transfer an ongoing business that the new owner would continue to operate. For example the buyer had the right during escrow "for access to inspect the premises as may be reasonably required to *evaluate the business*." Section 5(a) (emphasis added). Conversely, the seller had a similar right to "evaluate the Buyer's qualifications to purchase *and operate the business*." Section 5(b) (emphasis added). The seller also had the obligation to make extensive representations that plainly related to the viability of operating the business as an ongoing concern. Section 9. The first agreement also included a non-compete agreement, which was substantially modified and customized by the addendum, but which further demonstrates the parties were aware that this was to be an ongoing business. Other examples abound.

The Melzers' contention that they are not individual parties to any of the agreements fares little better. The first document listed "seller, shareholders, and Zack Meltzer, individually" as the

2

No. C 10-0280 RS
ORDER

parties bound by the non-compete agreement. It is true there was no individual signature block for either of the Melzers on this document, but the subsequent addendum is dispositive. That document *expressly* provided that the agreement is between Crawford or his assignee on the one hand, and Tova *and its owners* on the other. The document had *separate* signature blocks for Tova Industries, LLC., and "Seller's Owners." Zacharias Meltzer signed in both places.
On a counterpart signature page, Yael Melzer signed in the space immediately next to her husband's signature in the block labeled "Seller's Owners."

The Melzers contend, notwithstanding the above, that they not liable as individual signatories because they each included a reference to Tova and to their respective titles with their signatures. The Melzers suggest this brings them within section 3402(b)(1) of the California Commercial Code providing that where a "form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument." The form of the signatures, however, are anything but unambiguously made on behalf of Tova, given that they appear in the block labeled for sellers' owners, and further given that Zacharias Melzer had already separately signed on behalf of Tova. At *most*, the Melzers may still be entitled to attempt to prove to a trier of fact that "the original parties did not intend the representative to be liable on the instrument." Cal. Comm. Code § 3402(b)(1). At the pleading stage, however, plaintiffs have adequately established that the Melzers are individually parties to the contract, through operation of the Addendum.

B.  Personal jurisdiction over the Melzers[1]

The Melzers' motion to dismiss for lack of personal jurisdiction rests entirely on their arguments that they had no interactions with plaintiffs, *except* in their capacities as officers and owners of Tova. While they likely will still contend that no actions they undertook on behalf of Tova can be counted as "minimum contacts" against them, they appear to recognize that if they are

---

[1] The Melzers motion to dismiss originally alleged improper service on them, but they have withdrawn that portion of the motion.

potentially personally liable by virtue of having signed the addendum in their personal capacities, there is more than a sufficient basis for jurisdiction. They individually contracted with a California party regarding a sale and other obligations to be performed in California. Accordingly, the motion to dismiss for lack of personal jurisdiction is denied.

### C. Breach of Contract

Defendants raise two basic arguments against the primary claim for breach of contract. First, the Melzers contend they cannot be individually liable, an argument that has been rejected for the reasons set out above. Second, insisting that this transaction involved only the sale of assets, not the sale of a business, Tova insists plaintiffs have failed to allege that any asset covered by the agreement was not properly delivered. As discussed above, however, the agreements are rife with provisions contemplating a sale of an ongoing business, and Tova and its owners had a lengthy list of disclosure and warranty obligations with which they had to comply. Among other things, defendants repeatedly undertook that the financial statements they were providing were complete and accurate. Plaintiffs have stated a claim for breach of contract by alleging that the financial information they were provided was false.

### D. Fraud

The complaint quite specifically and in significant detail alleges how plaintiffs believe they were misled by information in various financial documents given to them by defendants in the course of the transaction. Defendants make four basic arguments as why they nonetheless believe the pleading is inadequate. First, they contend there is insufficient detail regarding which defendants made which alleged misrepresentations. As all three defendants undertook to ensure that plaintiffs received complete and accurate financial information during the transaction, it is difficult to see what more is required.

Next, defendants suggest that plaintiff were not entitled to rely on a "Confidential Business Review" prepared by defendants' accountants, because *the accountants* disclaimed any guarantee of

4

its accuracy, and instead directed plaintiffs to look to the representations in the parties' written agreements.   The disclaimer may have been sufficient to get the accountants off the hook, but as between the parties, their written agreements included the representation that all materials provided such as the "Confidential Business Review" would be accurate.

Defendants next suggest that plaintiffs have not pleaded falsity in sufficient detail, because they do not specifically allege how much lower the "true" financial figures would have been. Defendants fault plaintiffs for not stating what "documentation" they have found to support their allegations.  Although Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs to plead fraud claims in significant detail, it does not require them to prove their case at the pleading stage.

Finally, defendants return to their argument that this was only an *asset* purchase, and plaintiffs therefore cannot show damages even if they were given false financial information.  This argument is rejected for reasons previously discussed.

### E. Declaratory relief

Plaintiffs seek declaratory relief that they should be relieved of the obligation to make further payments under the promissory note they issued in connection with the purchase. Defendants move to dismiss, contending there is no present controversy, because plaintiffs stayed current on payments under the note.   The fact that payments remained current would not rule out the existence of a present controversy about whether relief from the note obligation is appropriate. In any event, plaintiffs have now quit making payments, and defendants have filed a counterclaim on the note, thereby effectively admitting the existence of a present controversy.   That said, the Melzers are not parties to the note as individuals, so they will both be dismissed from this claim.

### F. Conversion

After the sale transaction was complete, New Horizon sent invoices to a customer totaling just under $45,000.   The customer mistakenly made payment by check to Tova, which negotiated the check.   While the parties have no real dispute that this gives rise to a claim for conversion

*against Tova,* the question is whether the Melzers can also be liable.  Plaintiffs argue that they have alleged Tova acted at the direction of the Melzers, but do not allege any act of conversion by them.  Accordingly, the Melzers will both be dismissed from this claim.

### G. Second breach of contract claim

In June of 2009, New Horizon provided Tova $13,400 worth of a particular baking ingredient and sent out an invoice, which Tova allegedly has not paid.   Defendants make some argument that the particulars of this contract are not adequately alleged, but a copy of the invoice is attached to the complaint and suffices.  Again, the question remains whether the Melzers can be held individually liable.  As the complaint contains no facts suggesting they were parties to the contract, and the opposition to this motion does not so argue, they will both be dismissed from this claim for relief as well.

## IV.  CONCLUSION

The Melzers are dismissed as individual defendants from the third, fourth, and fifth claims for relief.  The motion to dismiss is otherwise denied.

IT IS SO ORDERED.

Dated: 07/12/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

6

No. C  10-0280 RS
ORDER