KURT E. WILSON, ESQ. (121163)
SCOTT A. MANGUM, ESQ. (260758)
**SWEENEY, MASON, WILSON & BOSOMWORTH**
A Professional Law Corporation
983 University Avenue, Suite 104C
Los Gatos, CA  95032-7637
Telephone:  (408) 356-3000
Facsimile:  (408) 354-8839

Attorneys for Plaintiffs
KENNETH L. CRAWFORD and
NEW HORIZON FOODS, INC.

DAVID M. GILMORE (105429)
dgilmore@gwvm.com
GILMORE, WOOD, VINNARD & MAGNESS
P.O. Box 28907
Fresno, CA  93729-8907
Telephone: (559) 448-9800
Facsimile: (559) 448-9899

Attorneys for ZACHARIA MELZER, YAEL
MELZER, TOVA INDUSTRIES, LLC, a
Kentucky limited liability company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CRAWFORD, NEW HORIZON FOODS, INC., a California corporation,<br><br>            Plaintiffs,<br><br>     v.<br><br>ZACHARIA MELZER, YAEL MELZER, TOVA INDUSTRIES, LLC, a Kentucky limited liability company,<br><br>            Defendants. | CASE NO. C 10-00280 RS<br><br>**STIPULATION AND REQUEST TO MODIFY DISCOVERY SCHEDULE BY EXTENDING BY 32 DAYS THE EXPERT DISCLOSURE DATES; ~~[PROPOSED]~~ ORDER THEREON**<br><br>Judge:   Hon. Hon. Richard Seeborg |

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiffs Kenneth L.

Crawford and New Horizon Foods, Inc. and Defendants Zacharia Melzer, Yael Melzer and

Tova Industries, LLC hereby stipulate and request from this Court an order modifying the

C 10-00280 RS

1  discovery schedule in this case to extend the expert disclosure dates 32 days.

2         After extensive meeting and conferring between Plaintiffs and Defendants,

3  Defendants have agreed to, and are, compiling and producing information and documents

4  supporting their contention that the representations to Plaintiffs respecting gross profit

5  margins, cost of sales and EBITDA were accurate, including, for example, in compliance

6  with this Court's Order (copy attached as **Exhibit A**), which Plaintiffs believe requires

7  such production.  Plaintiffs' expert, Dana Basney, must review the information and these

8  documents in order to prepare his expert report, which is currently due by January 28,

9  2011.  Due to the delays in the production of this information and these documents, the

10  PMQ depositions for Tova and its accountants needed to be continued from Mid-January

11  to February 16, 2011 and February 17, 2011, respectively, so that Defendants would have

12  enough time to provide Plaintiffs the information and documents prior to the depositions.

13  Mr. Basney believes that information obtained at the depositions may also impact his

14  opinions and expert report.

15         Counsel for the Parties have met and conferred respecting the above.  A true and

16  correct copy of Counsels' correspondence is attached hereto as **Exhibit B.**  The Parties

17  agree that, given the delay in the production of documents, it is necessary to modify the

18  current discovery schedule, as set forth in this Court's September 2, 2010 Case

19  Management Scheduling Order.  A true and correct copy of the September 2, 2010

20  scheduling order is attached hereto as **Exhibit C**.  As a result, the Parties hereby stipulate

21  to the following modified discovery schedule:

22       1.    On or before March 1, 2011, Plaintiffs shall disclose expert testimony and

23           reports in accordance with Federal Rule of Civil Procedure 26(a)(2);

24       2.    On or before March 15, 2011, Defendants shall disclose expert testimony

25           and reports in accordance with Federal Rule of Civil Procedure 26(a)(2);

26       3.    On or before April 18, 2011, all discovery of expert witnesses pursuant to

27           Federal Rule of Civil Procedure 26(b)(4) shall be completed;

28

4.      On or before April 18, 2011, all non-expert discovery shall be completed by the parties in accordance with the provisions set forth in this Court's Case management Scheduling Order, dated September 2, 2010.

5.      All pretrial motions shall be heard not later than May 2, 2011.

6.      All other discovery and trial dates shall remain as set in the Court's September 2, 2010 Case Management Scheduling Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 19, 2011          **GILMORE, WOOD, VINNARD & MAGNESS**


By:  _____/s/_____
     David M. Gilmore

Attorneys for ZACHARIA MELZER, YAEL MELZER, TOVA INDUSTRIES, LLC, a Kentucky limited liability company


DATED: January 19, 2011          **SWEENEY, MASON, WILSON & BOSOMWORTH**


By:  _____/s/_____
     KURT E. WILSON, ESQ.
     SCOTT A. MANGUM, ESQ.

Attorneys for Plaintiffs, KENNETH L. CRAWFORD, NEW HORIZON FOODS, INC.

///
///
///
///
///

1    [~~PROPOSED~~] ORDER MODIFYING DISCOVERY SCHEDULE

2    The Court, having reviewed the Parties' Stipulation to Modify the Discovery

3    Schedule in this case, and good cause appearing therefor, IT IS SO ORDERED that:

4        1.  On or before March 1, 2011, Plaintiffs shall disclose expert testimony and

5           reports in accordance with Federal Rule of Civil Procedure 26(a)(2);

6        2.  On or before March 15, 2011, Defendants shall disclose expert testimony and

7           reports in accordance with Federal Rule of Civil Procedure 26(a)(2);

8        3.  On or before May 1, 2011, all discovery of expert witnesses pursuant to Federal

9           Rule of Civil Procedure 26(b)(4) shall be completed;

10       4.  On or before May 1, 2011, all non-expert discovery shall be completed by the

11          parties in accordance with the provisions set forth in this Court's Case

12          management Scheduling Order, dated September 2, 2010.

13       5.  All pretrial motions shall be heard not later than May 2, 2011.

14       6.  All other discovery and trial dates shall remain as set in the Court's September

15          2, 2010 Case Management Scheduling Order.

16

17

18   DATED: _____1/20_____, 2011

19             HON. RICHARD SEEBORG
               United States District/Magistrate Judge

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT A</u>**

STIPULATION TO MODIFY DISCOVERY SCHEDULE; ORDER THEREON

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11

12   KENNETH L. CRAWFORD, et al.,           )       Case No.: C 10-0280 RS (PSG)
                                             )
13                  Plaintiffs,              )       **ORDER GRANTING PLAINTIFFS' MOTION**
                                             )       **TO COMPEL FURTHER RESPONSES TO**
14          v.                               )       **PLAINTIFFS' REQUEST FOR PRODUCTION**
                                             )       **OF DOCUMENTS NOS. 13, 17, 21 & 22**
15   ZACHARIA MELZER, et al.,                )
                                             )       **(Re: Docket No. 59)**
16                  Defendants.              )
     _____ )
17

18          On January 4, 2011, the parties appeared for hearing on Plaintiffs' Motion to Compel Further

19   Responses to Plaintiffs' Request for Production of Documents Nos. 13, 17, 21 & 22.  Based on the

20   briefs and arguments submitted,

21          IT IS HEREBY ORDERED that Plaintiffs' motion is GRANTED as to Document Request

22   Nos. 13 and 17.  Defendant shall produce all computer data files (in native format) in the possession

23   of Defendant Tova Industries, LLC's ("Tova") accountants concerning any information since

24   January 1, 2006 referring or referencing the New Horizon Foods division of Tova Industries, LLC.

25   Defendant shall further produce all computer data files (in native format) evidencing any work by

26   William Ruf,  Stuart Robinson or Welenken Himmelfarb & Company related to the New Horizon

27   Foods division.  Each of these productions shall be made no later than January 31, 2011.

28          It is undisputed that Tova has been able to obtain hard copies of documents from its

1   accountants, and Tova has made no showing that it is unable to obtain documents in the possession

2   of its accountants that are in native electronic format.  Indeed, in its papers and at the hearing,

3   counsel for Tova was unable to apprise the court whether Tova had even requested that the

4   accountants provide copies of the electronic documents sought in this motion, or that the accountants

5   have refused production of such copies.  Citing Federal Rules of Civil Procedure 34(b)(2)(E), Tova

6   argues it was not required to produce electronic copies of documents it already produced in hard

7   copy.  But even if the requested documents did not go beyond mere electronic copies of documents

8   previously produced–which they do– the electronic documents contain discoverable information,

9   such as metadata, that is clearly not included in the hard copies of the documents produced to date.

10  Tova made no showing that such a production would impose any burden whatsoever.

11      IT IS FURTHER ORDERED that Plaintiffs' motion is GRANTED as to Document Request

12  Nos. 21 and 22.  No later than January 31, 2011, Toya shall produce all computer data files (in native

13  format) supporting Tova's contention that its representations of cost of goods sold, gross profit,

14  gross profit margins and EBITDA were accurate and true.  On their face, the requests are limited to

15  documents supporting Defendants' contentions, and thus are inherently narrowly tailored to seek

16  only relevant information.  Although Plaintiffs improperly raised new issues regarding these requests

17  in their reply,[1] Tova did not request any opportunity to brief those issues.  At the hearing Tova did

18  not articulate any particular burden associated with responding to these requests.  An order

19  compelling production of responsive documents is therefore warranted.

20  Dated: *January 6, 2011*

21                                  _Pave S. Aewe_____
                                    PAUL S. GREWAL
22                                  United States Magistrate Judge

23

24

25  _____

26  [1]      Plaintiffs' failure to adequately meet and confer regarding whether Tova had responded
    to these two requests resulted in moving papers that erroneously claimed Tova had never responded to
27  the requests.  Understandably, Tova's only response to this portion of the motion was to point out that
    it *had* responded.  Plaintiff then made its substantive arguments as to these requests for the first time in
28  its reply brief, leaving Tova no opportunity to brief those arguments in advance of oral argument.
    Plaintiffs are cautioned that in the future failure to adequately meet and confer before filing a motion to
    compel may well result in summary denial of the motion.

ORDER, *page 2*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT B</u>**

**Scott Mangum**

| | |
|---|---|
| **From:** | Kurt Wilson |
| **Sent:** | Monday, January 17, 2011 1:34 PM |
| **To:** | Scott Mangum |
| **Subject:** | FW: K. Crawford v. Melzer (Expert) |

**From:** David Gilmore [mailto:dgilmore@gwvm.com]
**Sent:** Monday, January 17, 2011 11:44 AM
**To:** Kurt Wilson
**Subject:** RE: K. Crawford v. Melzer (Expert)

Yes, it does. I agree that a delay to analyze the documents is appropriate.

David M. Gilmore, Esq.
GILMORE, WOOD, VINNARD & MAGNESS, P.C.
10 Riverpark Place East, Suite 240
Fresno, CA 93720
(559) 448-9800, Ext. 124
(559) 448-9899 FAX
dgilmore@gwvm.com

CONFIDENTIALITY NOTICE: E-mail and any attached documents or files may contain confidential information that is legally privileged. Do not read this e-mail if you are not the intended recipient. If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding this message to dgilmore@gwvm.com or notifying us by telephone at (800) 559-9009, Ext. 124, and destroy the original transmission and its attachments without reading or saving in any manner. Thank you

**From:** Kurt Wilson [mailto:kwilson@smwb.com]
**Sent:** Monday, January 17, 2011 10:34 AM
**To:** David Gilmore
**Cc:** Scott Mangum
**Subject:** K. Crawford v. Melzer (Expert)

David,

　　　　Given the "problems" we have had getting Tova to finally disclose its documents and information respecting the financial representations/warranties it made to Plaintiffs, I think we should agree to extend the deadline on the expert report until after Tova finally completes this disclosure. Obviously, Plaintiffs' expert cannot complete his analysis until at least a week or two after Tova finally produces the documents and discloses the information.

　　　　I'm thinking that we extend the deadline to 3/1. Does that make sense to you?

Kurt

# Kurt E. Wilson, Esq.

**Sweeney, Mason, Wilson & Bosomworth**
**983 University Ave, Suite 104C Los Gatos, CA 95032**
**Tel:  408-356-3000  Fax:  408-354-8839**
**www.smwb.com**

CONFIDENTIALITY: This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.
If you have received this e-mail in error, please immediately notify me by telephone at (408) 356-3000 and permanently delete the original and any copy of any e-mail and printout thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING Notwithstanding the Uniform Electronic Transaction Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind this sender, Sweeney, Mason, Wilson & Bosomworth, any of its clients, or any other person or entity.

1/17/2011

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT C**

*E-Filed 9/3/10*

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KENNETH L. CRAWFORD, ET AL.,                    No. C 10-00280 RS

        Plaintiffs,

  v.                                               **CASE MANAGEMENT
SCHEDULING ORDER**

ZACHARIA MELZER, ET AL.,

        Defendants.

_____/

    Pursuant to the Federal Rule of Civil Procedure 16, the parties attended a Case

Management Conference on September 2, 2010.  After considering the Joint Case Management

Statement submitted by the parties and good cause appearing, IT IS HEREBY ORDERED

THAT:

1.    DISCOVERY.

On or before March 04, 2011, all non-expert discovery shall be completed by the parties.

Discovery shall be limited as follows: (a) twelve (12) non-expert depositions per party

(although each side is limited to fourteen (14) hours total of 30(b)(6) testimony from the other

side); (b) thirty (30) interrogatories per party, including all discrete subparts; (c) a reasonable

CASE MANAGEMENT SCHEDULING ORDER

No. C 10-0280 RS

1  number of requests for production of documents or for inspection per party; and (d) and thirty

2  (30) requests for admission per party.

3  2.      EXPERT WITNESSES.  The disclosure and discovery of expert witness opinions shall

4  proceed as follows:

5  A. On or before January 28, 2011, plaintiff shall disclose expert testimony and reports in

6  accordance with Federal Rule of Civil Procedure 26(a)(2).

7  B. On or before February 11, 2011, defendant shall disclose expert testimony and reports in

8  accordance with Federal Rule of Civil Procedure 26(a)(2).

9  C. On or before March 4, 2011, all discovery of expert witnesses pursuant to Federal Rule of

10  Civil Procedure 26(b)(4) shall be completed.

11  3.      FURTHER CASE MANAGEMENT CONFERENCE.  A Further Case Management

12  Conference shall be held on **February 24, 2011 at 10:00 a.m.** in Courtroom 3, 17th Floor,

13  United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.  The parties

14  shall file a Joint Case Management Statement at least one week prior to the Conference.

15  4.      PRETRIAL MOTIONS.  All pretrial motions must be filed and served pursuant to Civil

16  Local Rule 7.  All pretrial motions shall be heard no later than March 18, 2011.

17  5.      PRETRIAL STATEMENTS.  At a time convenient to both, counsel shall meet and

18  confer to discuss preparation of a joint pretrial statement, and on or before April 28, 2011,

19  counsel shall file a Joint Pretrial Statement.

20  6.      PRETRIAL CONFERENCE.  The final pretrial conference will be held on **May 12,**

21  **2011, at 10:00 a.m.**, in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate

22  Avenue, San Francisco, California.  Each party or lead counsel who will try the case shall

23  attend personally.

24  7.      TRIAL DATE.  Jury trial shall commence on **May 23, 2011, at 9:00 a.m.**, in

25  Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco,

26  California.

27

28

CASE MANAGEMENT SCHEDULING ORDER

No. C 10-0280 RS

United States District Court

For the Northern District of California

1    **IT IS SO ORDERED.**

2

3    Dated: 9/2/10

4                                    RICHARD SEEBORG
                                     UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE MANAGEMENT SCHEDULING ORDER

No. C 10-0280 RS

United States District Court
For the Northern District of California