UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CRAWFORD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ZACHARIA MELZER, et al., <br><br> Defendants. | Case No.: C 10-0280 RS (PSG) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** <br><br> **(Re: Docket No. 65)** |

On January 25, 2011, the parties appeared for hearing on Plaintiffs' Motion to Compel Further Responses to Plaintiffs' Second Set of Interrogatories.[1] Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Plaintiffs' motion is GRANTED. No later than February 11, 2011, Defendant Tova Industries, LLC ("Tova") shall serve on Plaintiffs fully responsive, signed and verified supplemental responses to Interrogatory Nos. 6 through 15 of Plaintiffs' second set of interrogatories. The objections Tova asserted in response to these interrogatories are all overruled.

IT IS FURTHER ORDERED that the parties' respective requests for sanctions are DENIED.

In response to Plaintiff's motion, Tova primarily argues that its objections are valid because

---

[1] At the hearing, counsel for Tova requested permission to appear by telephone in the future due to difficult travel conditions such as heavy fog. Generally, the undersigned prefers for counsel to appear in person. Any party is free, however, to file a written request to appear by telephone for any specific motion or conference. Any such request should include *all* of the reasons for the request. Each request will be evaluated based on the specific reasons for the request.

ORDER, *page 1*

it already produced documents, and that listing the documents Tova relied upon for various purposes would be unduly burdensome and would improperly require Tova to create a summary. Tova has proffered no factual evidence in support of its contention that responding to the interrogatories would be unduly burdensome. Absent such a showing, Tova's burden objection cannot be sustained.[2] Also, Tova cites no legal authority for its implicit contention that an interrogatory may not request that a party summarize facts relied upon in making a decision at issue in the litigation, or the reasons for the decision.

Tova's relevance and overbreadth objections are also without merit. Each interrogatory seeks information relevant to a central issue in this case–the bases for, and accuracy of, representations Defendants made to Plaintiffs while negotiating the transaction at issue in this litigation. The fact that Defendants dispute Plaintiffs' theory of the case does not render the information irrelevant.[3]

Finally, Tova has not cited any prior interrogatory which any of these interrogatories duplicate, and they fail to explain how any of the subject interrogatories are "compound." Thus, those objections also cannot be sustained.

Having overruled Tova's objections to the interrogatories, and reviewed the authorities cited by Tova, the court further orders Tova to serve its supplemental responses without interposing the objections. Tova cites no authority for its novel argument that it is entitled to keep unsupported objections in its supplemental responses for the purpose of preserving the objections for trial. Objections to interrogatories are not the same as objections to questions asked at trial. The purpose of an objection to an interrogatory is to excuse the responding party from providing a substantive response.[4] If a motion to compel is filed, the court must either overrule the objection and require the

---

[2] *See Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D.Pa. 1980) (noting that a party who objects to an interrogatory must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is . . . overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden.") (Citations omitted); *see also, In re ATM Fee Antitrust Litigation*, 233 F.R.D. 542, 545 (N.D.Cal. 2005) ("The objecting party has the burden to substantiate its objections.").

[3] *See, e.g., Ogden v. Dyco*, Civil No. 09-124-WDS, 2009 WL 3273221, at *1 (S.D.Ill. 2009) ("Defendant's belief that this action is frivolous is not grounds for not complying with an otherwise valid discovery request, nor can that belief be used as a basis for assessing relevance.").

[4] *See* FED.R.CIV.P. 33(b)(3) ("Each interrogatory must, *to the extent it is not objected to*, be answered separately and fully in writing under oath." (Emphasis added)).

responding party to provide the substantive information that was withheld, or else sustain the objection and requires no further response. It is not a question of "preserving an objection for trial."[5] To the contrary, courts routinely order parties to provide supplemental responses *without objection*.[6] The court's discussion in *Rivera* is illustrative:

> "The only possible, viable objection among the same litany of boiler-plate objections interposed by defendants to these two interrogatories is defendants' objection on the grounds of relevancy. However, the Court is constrained to rule that even that objection, in the context of the Rule 26 discovery proceedings in this case, cannot be sustained. In the context of any discussion of "relevancy," it is important to bear in mind that what might be deemed "relevant" for purposes of discovery, and what might subsequently be deemed "relevant" for purposes of trial, are two separate questions. Accordingly, plaintiffs' motion to compel as to Interrogatories Nos. 10 and 11 is granted, and defendants are directed to serve full and complete answers to the foregoing Interrogatories Nos. 10 and 11, *without objection*, within ten (10) days from the date of this order."[7]

The court declines to enter any sanctions as requested by the parties. At a minimum, the parties' requests do not comply with Civil Local Rule 7-8(a), which requires that any motion for sanctions be separately filed.

Dated: *January 26, 2011*

　　　　　　　　　　　　　　　　　　　／s／ Paul S. Grewal
　　　　　　　　　　　　　　　　　　　PAUL S. GREWAL
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[5] Even in the context of an oral deposition, an objection is not waived for trial, including a relevance objection, unless it relates to a matter that might have been corrected at the time of the deposition. *See* FED.R.CIV.P. 32(d)(3).

[6] *See, e.g., Rivera v. U.S.*, Case No. CIVA SA-05-CA-0101 R., 2006 WL 1806172, at *2 (W.D.Tex. 2006) ("It is one thing for a party to condition its answer upon what further discovery in the case might reveal; it is another altogether to condition its answer upon a litany of inapplicable, boiler-plate objections."). In some cases courts have required only that the responding party supplement its responses to clearly apprise the propounding party of the extent to which it is withholding any information and the basis for doing so. *See SEC v. Downe*, Case No. 92 Civ. 4092 (PKL), 1994 WL 23141, at *7 (S.D.N.Y. Jan. 27, 1994) ("The Commission appears merely to be preserving its objections. However, the Court agrees with Greenberg that this practice leaves some room for dissatisfaction or confusion.").

[7] *Id*. (emphasis added).