UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CRAWFORD, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ZACHARIA MELZER, et al.,<br><br>　　　　　Defendants. | Case No.: CV 10-00280 RS (PSG)<br><br>**ORDER DENYING MOTION TO COMPEL RESPONSE TO REQUEST FOR PRODUCTION NO. 23; DENYING RELATED MOTION FOR SANCTIONS; DENYING MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 5; DENYING RELATED MOTION FOR SANCTIONS**<br><br>**(Re: Docket Nos. 86, 88, 89, 92)** |

On February 11, 2011, Plaintiff Kenneth Crawford ("Crawford") filed motions to compel Defendant Tova Industries, LLC's ("Tova") to produce further responses to Crawford's request for production of documents no. 23[1] and to special interrogatory no. 5.[2] Crawford also submitted two related motions for sanctions.[3]

---

[1] *See* 2/11/11 Mot. To Compel Defs.' Further Responses Pls.' Request Prod. Docs. No. 23 (Docket No. 86).

[2] *See* 2/11/11 Mot. To Compel Defs.' Further Responses Special Interrog. No. 5 (Docket No. 89).

[3] *See* 2/11/11 First Mot. Sanctions Against Defs. Purusant FRCP 37 Relation Pls.' Mot To Compel Further Responses Pls.' Request Prod. Docs. No. 23 (Docket No. 88); 2/11/11 Mot. Sanctions Against Defs. Pursuant FRCP 37 Relation Pls.' Mot To Compel Further Responses Special

ORDER, *page 1*

Crawford initially served special interrogatory no. 5 on April 23, 2010. Tova responded on June 1, 2010, objecting that "the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Crawford initially served the request for production of documents no. 23 on October 13, 2010. Tova responded on October 21, 2010, objecting that "it is an exact duplicate of an earlier request," and stating that "Defendants have produced responsive documents already." On February 25, 2011, the same day it filed its opposition to these motions to compel, Tova served supplemental responses to these discovery requests.

**I. MOTION TO COMPEL RESPONSES TO INTERROGATORY NO. 5**

For the reasons below, the motion to compel responses to interrogatory no. 5 is DENIED.

Tova's supplemental response would appear to moot Crawford's motion. In his reply brief, however, Crawford argues the supplemental responses are themselves flawed and further responses are required. Crawford argues that the preliminary statement prefacing the supplemental responses is a meritless objection that discovery is ongoing, which renders the response and the written oath by the respondent meaningless. Contrary to Crawford's claims, the preliminary statement is not stated as an objection. Rather it merely states that the responses are based upon information that is presently available to and known by Tova. The preliminary statement also claims that Tova reserves the right to modify and amend its responses as it learns new information, which is merely a restatement of its duty to do so under Fed. R. Civ. P. 26(e). Tova then proceeds to provide the requested discovery. The preliminary statement does not negate the subsequent responses.

Crawford also argues that Tova's supplemental response to interrogatory no. 5 is insufficient because Tova did not withdraw its objection that the interrogatory seeks irrelevant information. Despite its objection, Tova answers the interrogatory in its supplemental response. Crawford does not argue that the information provided is incomplete; Crawford only argues that the objection to relevance makes that information defective. Crawford cites no law that would require a party to withdraw an objection to a request for discovery preserving an admissibility

---

Interrog. No. 5 (Docket No. 92).

ORDER, *page 2*

challenge after it has fully responded to that discovery. Tova has provided the requested disclosure; Crawford has not identified any further discovery for the court to compel.

**II. MOTIONS FOR SANCTIONS RELATING TO RESPONSES TO INTERROGATORY NO. 5**

For the reasons stated below, the motion for sanctions related to the motion to compel responses to interrogatory no. 5 is DENIED.

Crawford filed a motion for sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A) requesting $5,000 in sanctions. If a motion to compel is granted, or as in this instance, the requested discovery is provided after the motion was filed, Fed. R. Civ. P. 37(a)(5)(A) provides for "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Sanctions, however, should not be awarded if (1) Crawford filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) Tova's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust.

The court finds that Tova's objection to the relevance of interrogatory no. 5 was not substantially justified. Tova objected because the interrogatory was irrelevant to Tova's theory of the case that "the underlying agreement is a sale of some of the assets of New Horizon Foods division of Tova Industries, LLC. [Crawford] continue[s] to treat this as the sale of a business rather than an asset sale."[4] In fact, in their motion to dismiss, Defendants argued the same point – that the underlying transaction was only a sale of assets and not of an ongoing business – and Judge Seeborg found the argument unpersuasive.[5] Despite Tova's argument about the underlying agreement, the interrogatory is directly relevant to claims in Crawford's Complaint,[6] and Tova is "not allowed to limit discovery based merely upon [its] theory of the case."[7]

Tova argues that sanctions are nonetheless inappropriate because Crawford did not make a

---

[4] Decl. David M. Gilmore Supp. Joint Opp'n ¶ 4 (Docket No. 105).

[5] *See* Order Denying Mot. Dismiss at 2:12-25 (Docket No. 46).

[6] *See, e.g.*, Amended Complaint (Docket No. 14) ¶¶ 23-25.

[7] *Humphreys v. Regents of University of Cal.*, No. 04-0308, 2006 WL 870963, at *2 (N.D. Cal. Apr. 3, 2006).

ORDER, *page 3*

good faith effort to obtain the discovery through non-judicial channels. Tova contends that Crawford merely demanded supplemental responses even after it had already produced the information. Although Tova states it had already provided documents containing the information requested by interrogatory no. 5, Tova failed to comply with the requirement of Fed. R. Civ. P. 33(d) to specifically identify those documents in response to the interrogatory. In contrast to Tova's claims about meet-and-confer efforts, Crawford has submitted emails asking Tova for supplemental responses to interrogatories, including interrogatory no. 5, before the motion was filed.[8] Thus, Crawford has demonstrated that it attempted to obtain the discovery without court action.

The court, however, finds that circumstances exist that would make an award of expenses for filing the motion to compel a supplemental response to interrogatory no. 5 unjust. In its response to interrogatory no. 5, Tova claimed to have already produced the requested information, but Tova failed to specify which documents contained that information. The court finds that this failure alone does not justify sanctions. Thus, the motion for sanctions is denied.

Furthermore, the motion for sanctions is procedurally defective. Under Civ. L.R. 37-4, when, in connection with a dispute about disclosure or discovery, a party moves for an award of attorney fees or other form of sanction under Fed. R. Civ. P. 37, the motion must be accompanied by competent declarations which itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation, and set forth an appropriate justification for any attorney-fee hourly rate claimed.

Crawford has not met this requirement. Crawford did not submit a declaration in support of his motion for sanctions. The only indication of the basis for the amount of sanctions requested is found in the declaration of Scott Mangum ("Mangum") in support of the motion to compel, stating "[m]y billing rate is $270 and I will spend approximately 10 hours on this motion."[9] This statement does not provide any justification for sanctions in the amount of the $5000 requested.

---

[8] *See* Decl. Scott Mangum Supp. Mot. To Compel Defs.' Further Responses Special Interrog. No. 5 Ex. B (Docket No. 90).

[9] Mangum Decl. ¶ 4 (Docket No. 90).

Furthermore, it is unclear from this statement how many hours Mangum actually worked on the motion to compel, as opposed to how many hours he estimated he would work.  It is also not clear whether the estimated ten hours includes time for preparing the reply to the opposition to the motion to compel or oral argument regarding the motion to compel, neither of which were necessary after supplemental responses were served.

**III. MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION NO. 23**

For the reasons below, the motion to compel responses to request for production no. 23 is DENIED.

With regard to the supplemental response to request for production no. 23, Crawford argues it is evasive and contains meritless objections.  Request for production no. 23 requires "[a]ll documents that [Tova] contend[s] Mr. Crawford 'was given the opportunity to review' as referenced in [Tova's] response to interrogatory no. 1."[10]  The complete sentence at issue from Tova's response to interrogatory no. 1 is, "Crawford traveled to Kentucky and was given the opportunity to review all the books and records of New Horizon Foods on premises at Tova."[11] In response to request for production no. 23, Tova responded that it objected "on the ground that [this request] is an exact duplicate of an earlier request.  However, without waiving the objections, Defendants have produced responsive documents already."[12]  Tova supplemented its response to request for production no. 23 to state that, "Crawford was given the opportunity to review any new Horizon Foods documents he requested that were maintained for the New Horizon Foods division at Tova Industries, LLC. . . . Tova has produced all responsive documents that Mr. Crawford reviewed."[13]

Crawford first took issue with the original response because it is not clear whether Tova produced responsive documents already or produced *all* responsive documents already.  Crawford now takes issue with the supplemental response because the phrase "that Mr. Crawford reviewed"

---

[10] Mangum Decl. Ex. A at 3:1-3 (Docket No. 87).

[11] Mangum Decl. Ex. B at 4 (Docket No. 87).

[12] Gilmore Decl. Ex. 1 (Docket No. 105).

[13] Gilmore Decl. Ex. 1 (Docket No. 105).

qualifies the set of responsive documents that Tova claims it produced.  As a result, Crawford argues it is ambiguous whether Tova means that it has already produced all responsive documents or merely all responsive documents *that Crawford actually reviewed*.  Crawford asks the court to order Tova to withdraw its objections and preliminary statement and to state, if it can do so truthfully, that "Tova has produced all responsive documents in its possession or control."

Based on Tova's response to interrogatory no. 1, Crawford had the opportunity to review "all the books and records of New Horizon Foods on premises at Tova."  From Tova's response to request for production no. 23, it is not clear whether it has produced all the books and records of New Horizon Foods on premises at Tova.  Crawford, however, has not established why that entire universe of documents is relevant to Crawford's claims.  Although Tova claims Crawford could have asked to look at any of those documents while he was conducting his due diligence, that fact alone does not justify an order compelling production of every single Tova document in existence at the time of Crawford's due diligence.  This is especially true where Crawford has not identified any *specific* category of documents beyond those Crawford actually reviewed that would be relevant to Crawford's claims or to Tova's defenses.

**IV. MOTIONS FOR SANCTIONS RELATING TO RESPONSES TO REQUEST FOR PRODUCTION NO. 23**

Although Tova's initial response to request for production no. 23 was not substantially justified, in the absence of an appropriate showing by Crawford, its nondisclosure of documents beyond those Crawford had reviewed was substantially justified.  Crawford's related motion for sanctions is therefore DENIED.

Dated: March 23, 2011

PAUL S. GREWAL
United States Magistrate Judge
