UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CRAWFORD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ZACHARIA MELZER, et al., <br><br> Defendants. | Case No.: CV 10-00280 RS (PSG) <br><br> **ORDER DENYING MOTION TO COMPEL REGARDING INTERROGATORIES 6-15; DENYING MOTION TO COMPEL REGARDING DOCUMENT REQUESTS 13, 17, 21, AND 22; GRANTING MOTION TO COMPEL UNREDACTED VERSIONS OF RESPONSIVE DOCUMENTS; DENYING MOTION FOR SANCTIONS** <br><br> **(Re: Docket Nos. 107, 110, 115, 119)** |

Before the court are Plaintiff Kenneth Crawford's ("Crawford") motions to compel Defendant Tova Industries, LLC's ("Tova") to produce unredacted versions of responsive documents,[1] further responses to interrogatories 6-15,[2] and further responses to requests for production no. 13, 17, 21, and 22.[3] Crawford also submitted a motion for sanctions.[4] For the reasons discussed below, Crawford's motions to compel unredacted versions of responsive

---

[1] *See* Mot. To Compel (Docket No. 115).

[2] *See* Mot. To Compel (Docket No. 107).

[3] *See* Mot. To Compel (Docket No. 110).

[4] *See* Mot. for Sanctions (Docket No. 119).

ORDER, *page 1*

documents is GRANTED and the remaining motions are DENIED.

I. **MOTION TO COMPEL RESPONSES TO PRODUCE UNREDACTED VERSIONS OF RESPONSIVE DOCUMENTS**

On January 6, 2011, this court granted Crawford's motion to compel further responses to requests for production no. 13, 17, 21, 22. The January 6, 2011 Order required Tova to produce, among other documents, computer files in the possession of Tova's accountants concerning any information referencing New Horizons Food division as well as documents supporting Tova's contention that its representations of cost of goods sold, gross profit, gross profit margins and EBITDA were accurate and true. The parties subsequently agreed that documents would be produced with non-responsive information redacted, and the parties would discuss Tova providing the redacted information if Crawford felt it was relevant.[5]

Crawford brings the current motion to compel unredacted versions of those documents. Crawford argues the documents are relevant because "[t]o the extent Tova's information reflects intracompany transfers resulting in adjustments to the financial information at issue, such information goes directly to Tova's contention that the financial information provided to Plaintiff was true and correct."[6] Crawford's declarant Dana Basney ("Basney") states that based on Basney's review, intracompany accounts and transfers reduced the reported New Horizons Foods' cost of goods sold and increased the reported income and gross profit. Basney identifies thirty-eight documents and explains why the redacted information is relevant.[7] Neither Tova's opposition or sur-reply successfully refute that seeking the redacted information is reasonably calculated to lead to the discovery of admissible evidence.

As a protective order governing confidential information is in place and the court finds the redacted information in the documents identified in Basney's declaration is relevant and not privileged, the motion is granted. Tova shall produce all documents identified in Exhibit A to the Basney Declaration and the financial statements for the years 2005, 2006, 2007, and 2008 in

---

[5] *See* 3/15/11 Mangum Decl. at 9, Ex. A (Docket No. 116)

[6] *See* 4/5/11 Reply to Def.'s Opp'n at 4:10-12 (Docket No. 162).

[7] *See* 4/5/11 Basney Decl. ¶ 8; Ex. A (Docket No. 163).

unredacted form.[8]

## II. MOTION FOR SANCTIONS RELATING MOTION TO COMPEL UNREDACTED DOCUMENTS

For the reasons stated below, the motion for sanctions related to the motion to compel is DENIED.

Crawford filed a motion for sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A) requesting $5,000 in sanctions. If a motion to compel is granted, or as in this instance, the requested discovery is provided after the motion was filed, Fed. R. Civ. P. 37(a)(5)(A) provides for "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Sanctions, however, should not be awarded if (1) Crawford filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) Tova's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust.

Although Crawford has shown that the information is relevant, Tova's argument that information that did not reference New Food Horizon was outside the scope of discovery was substantially justified. The motion is therefore DENIED.

## III. MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION NO. 13, 17, 21, AND 22

For the reasons below, the motion to compel responses to request for production no. 13, 17, 21, and 22 is DENIED.

Following the court's January 6, 2011 Order, Tova served supplemental responses. Before each supplemental response, Tova states that "Defendants restate and incorporate their objections."[9] Crawford moves to compel Tova to serve its supplemental responses without these objections and with a statement that all responsive documents have been produced.

Tova's supplemental responses state that "the responsive documents have been produced" for requests no. 13 and 17 and that "the requested documents are those already produced by the accountant" for requests no. 21 and 22. Although the word "all" was not used, the meaning of Tova's response is clear that all responsive documents were produced. Furthermore in email

---

[8] *See* 4/5/11 Basney Decl. ¶ 8; Ex. A (Docket No. 163).

[9] *See* 3/7/11 Kurt E. Wilson Decl. Ex. B (Docket No. 112).

correspondence, counsel for Tova informed counsel for Crawford that "[t]he documents were all produced."[10] The court finds no ambiguity in Crawford's response.

Additionally, although Tova stated that it incorporated its previous objections in its supplemental responses, Tova provided the requested documents. Crawford, however, is concerned with the form in which Tova's responses will be presented at trial. Crawford's complaint, however, is not a discovery issue, and there are no further responses for the court to compel. Thus, the motion is DENIED.

**IV. MOTIONS FOR SANCTIONS RELATING TO RESPONSES TO REQUEST FOR PRODUCTION NOS. 6 - 15**

Although removing overruled objections is not itself a sufficient basis for a motion to compel, upon granting a proper motion to compel responses to interrogatories 6-15, on January 26, 2011 the court ordered that Tova produce its supplemental responses to interrogatories 6-15 "without interposing the objections."[11] Crawford argues the supplemental responses violate the court's order because, above each supplemental response, the initial response containing overruled objections is listed.[12] Although the objections are listed in the initial responses, they are not repeated or incorporated into the supplemental responses. Thus, Tova complied with the court's January 26, 2011 Order.

Crawford also argues these responses are deficient because they are preceded by a preliminary statement. The court has previously addressed the effect of this preliminary statement.[13] For the same reasons previously discussed, the preliminary statement does not justify an order compelling a further response. The motion to compel therefore is DENIED.

**V. NEW MEET AND CONFER PROCEDURES**

Due to the excessive number of discovery motions filed in this case, the parties shall adhere to the following procedure before filing any further discovery motions. Before any motion is filed, David Gilmore ("Gilmore") and Kurt Wilson ("Wilson") must meet and confer in person.

---

[10] *See* 3/7/11 Kurt E. Wilson Decl. at 24, Ex. C (Docket No. 112).

[11] *See* 1/26/11 Order Granting Pl.'s Mot. To Compel at 2:15-17 (Docket No. 85).

[12] *See* 3/7/11 Kurt E. Wilson Decl. Ex. B (Docket No. 109).

[13] *See* 3/23/11 Order Denying Motion To Compel at 2:13-21 (Docket No. 142).

If Gilmore and Wilson cannot agree on a location to meet and confer, they shall use the space directly outside the courtroom for the undersigned. If either party nevertheless wishes to file a motion after Gilmore and Wilson have met, the party must schedule a conference call, by contacting Oscar Rivera, the courtroom deputy to the undersigned. During that conference call, the undersigned will discuss the issue with both parties and determine whether a motion may be filed.[14]

VI. CONCLUSION

Pursuant to this order, Tova shall produce all documents identified in Exhibit A to the Basney Declaration and the financial statements for the years 2005, 2006, 2007, and 2008 in unredacted form[15] no later than May 4, 2011.

Dated: April 20, 2011

*(signature)*
PAUL S. GREWAL
United States Magistrate Judge

---

[14] This procedure does not affect the three discovery motions currently pending and set for hearing on April 26, 2011.

[15] *See* 4/5/11 Basney Decl. ¶ 8; Ex. A (Docket No. 163).