KURT E. WILSON, ESQ. (SBN 121163)
SCOTT A. MANGUM, ESQ. (SBN 260758)
**SWEENEY, MASON, WILSON & BOSOMWORTH**
A Professional Law Corporation
983 University Avenue, Suite 104C
Los Gatos, CA 95032-7637
Telephone: (408) 356-3000
Facsimile: (408) 354-8839
kwilson@smwb.com
smangum@smwb.com

Attorneys for Plaintiffs KENNETH CRAWFORD and
NEW HORIZON FOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CRAWFORD, NEW HORIZON FOODS, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARIA MELZER, YAEL MELZER, TOVA INDUSTRIES, LLC, a Kentucky limited liability company<br><br>    Defendants.<br><br>AND RELATED CROSS ACTION | CASE NO. C10-00280 RS<br><br>**DECLARATION OF KENNETH L. CRAWFORD IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Richard Seeborg<br>Date:  May 12, 2011<br>Time:  1:30 p.m.<br>Dept.:  Courtroom #3, 17th Floor |

I, KENNETH L. CRAWFORD, hereby declare as follows:

1. I am a Plaintiff in the above-captioned action. I make this declaration in support of Plaintiffs' motion for leave to file a second amended complaint. The following facts are of my own personal knowledge and if called upon to testify thereto, I could and would competently do so.

2. In paragraph 9.d. of the Purchase Agreement, the Defendants expressly warrant and represent to me that all financial statements they provided to me are complete and accurate.

DECLARATION OF KENNETH L. CRAWFORD IN SUPPORT

3. Attached as Exhibit A and Exhibit B hereto are two of the financial statements Defendants provided to me, representing that NHF's gross profit margins were 39.7% for 2008, 41.8% for 2007, and 43.2% for 2006.

4. As detailed in Dana Basney's expert report (Exhibit A to Wilson Decl. in Opposition to Motion to Quash Net Worth Discovery), Defendants representations were materially false. The actual gross margins were much lower than as represented to me.

5. As set forth in the 1/8/09 email attached to Mr. Gilmore's declaration, Defendants did disclose to me that there was an "accounting problem" that occurred "at end of 2007" and inflated "the reported gross margin in error." As stated in the email, Defendants represented to me that this problem had been "resolved" by Tova's "CFO and CPA,"

6. I attended the depositions of Mr. Melzer and his CPA, Bil Ruf. At those depositions, I learned that Defendants had misled me with half-truths and lies about the "accounting problem," and that the true, complete picture was never disclosed to me. At the deposition, I learned for the first time that there were multiple "accounting problems," that they were chronic and went back 10 years, and that they completely precluded Defendants or their accountants from using the records to accurately calculate NHF's gross margins. Thus, according to Mr. Ruf, the financial statements I was given were not based on accounting records and were instead based on Mr. Melzer's instruction to Mr. Ruf to use gross margin percentages of 39.7% for 2008, 41.8% for 2007, and 43.2% for 2006. As detailed at the depositions, Mr. Ruf and Mr. Melzer each testified that (a) it was the other who determined these numbers and (b) he does not know the basis for the determination.

7. In summary: While Defendants did disclose that the New Horizon Foods division of Tova suffered from an "accounting problem" in 2008, the problem was reported to me as "resolved." In a phone call, documented in the email of January 8, 2009, Tova reported it had "Used CFO and CPA to resolve the problem". The chronic and consistent problems that Melzer identified during his depositions, or the fact that these problems prevented Tova from calculating accurate gross margins, were never disclosed to me. Instead, Defendants provided signed, notarized financial statements that were warranted "complete, accurate and prepared in a manner consistent with prior statements."

///

DECLARATION OF KENNETH L. CRAWFORD IN SUPPORT

Defendants understood that their accounting records were so error-ridden that they could not be used to accurately calculate NHF's gross margins. On my inquiry into the accounting problem, Defendants represented to me that the problem was identified and resolved by the CFO and the CPA. Tova concealed the facts that these problems were longstanding, were not resolved, and precluded the accurate calculation of NHF's gross margins. During the deposition of Tova's Person Most Qualified, Mr. Melzer repeatedly stated that he knew that the Tova systems were not capable of calculating correct gross margin information. Had Tova revealed this to me, I never would have purchased the New Horizon Foods Division of Tova Industries.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 26th day of April, 2011, at Union City, California.

/S/ _Ken L. C____

KENNETH L. CRAWFORD