UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| KENNETH CRAWFORD, | ) | Case No.: C 09-05897 RS (PSG) |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION TO COMPEL; GRANTING MOTION TO QUASH SUBPOENA TO DAVID GILMORE; DENYING MOTION TO QUASH SUBPOENA TO ACCOUNTANTS; DENYING MOTION FOR A PROTECTIVE ORDER REGARDING 30(B)(6) DEPOSITION ; DENYING MOTION FOR A PROTECTIVE ORDER REGARDING NET WORTH DISCOVERY; DENYING MOTION FOR A PROTECTIVE ORDER REGARDING CUMULATIVE DISCOVERY; DENYING MOTION FOR SANCTIONS** |
| v. | ) | |
| ZACHARIA MELZER, et al., | ) | |
| Defendants. | ) | |
| | ) | |
| | | **(Re: Docket Nos. 124, 128, and 134)** |

Before the court are Plaintiff Kenneth Crawford's ("Crawford") motion to compel Defendant Tova ("Tova") to produce further responsive documents and Defendants' motion to quash, motion for a protective order, and motion for sanctions. The parties briefed the present motions and appeared for oral argument on April 26, 2011. Based on all papers filed to date, as well as on the argument of counsel, the motion to quash the subpoena issued to David Gilmore is GRANTED and all remaining motions are DENIED.

ORDER, *page 1*

# I. MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

In support of Crawford's certification that "Plaintiffs met and conferred in good faith with Defense Counsel via both teleconference and written correspondence,"[1] Crawford has provided the court with correspondence between David Gilmore ("Gilmore"), counsel for Defendants, and Kurt Wilson ("Wilson"), counsel for Crawford.[2] This correspondence consists of (1) an initial letter from Wilson stating that Crawford will file a motion to compel and a motion for sanctions, (2) two emails from Wilson, each consisting of a lone antagonistic sentence, and (3) two one-sentence emails from Gilmore, responding to Wilson but not addressing the discovery. There are no attempts to find available times for counsel to speak about the dispute. This record does not demonstrate Crawford met and conferred with Tova or attempted to do so. Accordingly,

Crawford's motion to compel is DENIED.

# II. MOTIONS TO QUASH

## A. DEPOSITION OF GILMORE

Crawford seeks to take Gilmore's deposition regarding his advice that Defendant Zacharia Melzer ("Melzer") was not individually bound by the Asset Purchase Agreement ("Agreement") at the time of execution. Crawford argues that Melzer waived attorney-client privilege regarding this subject matter during his deposition.[3] The court finds that Melzer revealed only that a communication with his attorney took place and did not reveal the contents of a confidential communication. Thus, there was no waiver. Accordingly,

Defendants' motion to quash the subpoena directed to Gilmore is GRANTED.

---

[1] 3/22/11 Kurt E. Wilson Decl. ¶ 5 (Docket No. 125).

[2] *See* Wilson Decl. Ex. C (Docket No. 125-3).

[3] *See Weil, et al. v. Investment/Indicators, Research and Mgmt, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) (disclosing the content of a privileged communication waives attorney-client privilege).

ORDER, *page 2*

**B. DEPOSITION OF ACCOUNTANTS**

Defendants move to quash a subpoena directed to Tova's accountants, Welenken Himmelfarb & Company ("Welenken"). The subpoena was issued from the United States District Court for the Eastern District of Kentucky.[4] Thus, this court lacks jurisdiction to quash the subpoena.[5] Accordingly,

The motion to quash the subpoena directed to Welenken is DENIED.

### III.   MOTIONS FOR PROTECTIVE ORDERS

**A. 30(B)(6) DEPOSITION**

Crawford has noticed a 30(b)(6) deposition of Tova. Tova objects to this deposition on the basis that the Scheduling Stipulation[6] states that each witness may be deposed a single time and for no more than seven hours unless otherwise ordered by the court. Tova argues that Crawford has already deposed Melzer once as a 30(b)(6) witness, and that because he would also be the 30(b)(6) witness for the noticed deposition, Crawford is deposing him on a second day in violation of the Stipulation. Crawford has not exceeded the limit of seven hours per witness provided by Fed. R. Civ. P. 30(b)(6) or the limit of fourteen hours total for 30(b)(6) depositions set by the Scheduling Order.

Thus, the court HEREBY ORDERS that Crawford may take its 30(b)(6) deposition not to exceed the fourteen-hour total limit for 30(b)(6) depositions. Accordingly,

The motion for a protective order to prevent the 30(b)(6) deposition is DENIED.

**B. NET WORTH**

Defendants move for a protective order net worth discovery requested by requests for admission set two and special interrogatories set five. Defendants argue that the production of net

---

[4] *See* 3/22/11 David M. Gilmore Decl. Ex. 14 at 5 (Docket No. 140-15).

[5] *See Keithley v. Homestore.com, Inc.*, No. 03-04447 MJJ (EDL), 2006 WL 1646119, at *2 (N.D. Cal. Jun. 12, 2006) (plaintiff moved to quash subpoena on the ground that deponent had already been deposed, and the court held that it lacked jurisdiction to quash subpoenas issued by another district); Fed. R. Civ. P. 45(c)(3) ("On timely motion, the *issuing* court must quash or modify a subpoena . . . . To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena.") (emphasis added).

[6] *See* 5/6/10 Joint Case Management Statement at 21:6-8 (Docket No. 21).

ORDER, *page 3*

worth evidence should be governed by Cal. Civ. Code § 3295(a) and (c) which would delay the production of net worth discovery until Crawford has produced evidence of a prima facie case of liability for damages. While some federal courts have required a prima facie showing, the majority have not.[7] "Federal courts sitting in diversity cases apply federal procedural law and state substantive law. Examining Civil Code Section 3295(a)-(c), this [c]ourt finds that it is clearly a procedural law."[8] Thus, Section 3295 is irrelevant. Under federal law, "a district court has unquestioned authority to control the sequence of discovery."[9] It is "not appropriate to delay discovery on punitive damages because, as suggested by one court, such information is valuable to both parties in making a realistic appraisal of the case and may lead to settlement and avoid protracted litigation."[10]

Defendants argue that disclosure of net worth would invariably harm Defendants because it would show Defendants' overall financial information to a business competitor. At oral argument, however, Crawford indicated he would stipulate that the net worth discovery would be treated as "Attorneys' Eyes Only." Thus, Defendants' concerns about providing Crawford with a competitive business advantage can be addressed by the protective order already in place.

Defendants further argue that the requests for net worth discovery are overly broad because they do not specify a time period for the information. In support of this argument, Defendants cite cases in which discovery requests specifically sought information over multi-year periods.[11] Here, in contrast, the requests only seek information about Defendants' current net worth. Special interrogatories set five consists of two interrogatories; Interrogatory no. 25 asks

---

[7] *See Charles O. Bradley Trust v. Zenith Capital, LLC*, No. 04-2239 JSW(EMC), 2005 WL 1030218, at *3 (N.D. Cal. May 3, 2005) (listing cases).

[8] *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 285 (C.D. Cal. 1998) (internal citations omitted).

[9] *Id.*

[10] *See Charles O. Bradley Trust v. Zenith Capital, LLC*, 2005 WL 1030218, at *3 (N.D. Cal. May 3, 2005); *see also Vieste, LLC v. Hill Redwood Development*, No. 09-04042 JSW(DMR), 2011 WL 855831 (N.D. Cal. Mar. 9, 2011).

[11] *See Vieste, LLC v. Hill Redwood Development*, No. 09-04042 JSW(DMR), 2011 WL 855831 (N.D. Cal. Mar. 9, 2011); *Mid-America Facilties, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497, 498-499 (E.D. Wis. 1978); *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 669-670 (S.D. Fla. 2005).

"State your net worth," and interrogatory no. 26 asks for details about the response to interrogatory no. 25. Although no time period is specified, there is no basis for an inference that the interrogatory seeks any information beyond the Defendants' present net worth. Additionally, the requests for admission specifically seek information about Defendants' net worth as of March 18, 2011. Thus, these requests are not overly broad.

For the reasons stated above, Defendants' motion for a protective order is therefore DENIED.

**C. CUMULATIVE DISCOVERY**

Defendants also seeks a protective order over requests for production, sets eight through ten, requests for admission, set two, and special interrogatories, set five. "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[12]

Far from certifying that Defendants have attempted to meet and confer with Crawford, Defendants state in their reply brief that "Plaintiff's behavior in meet and conferral to this point has shown that any such efforts on this matter would have been futile. None of the conversations that have taken place, over the numerous matters discussed in this case, have given defendants any reason to think that meet and confer efforts here would be fruitful."[13] Additionally, while acknowledging that some of the disputed discovery was served as early as February 28, 2011, Tova claims that because the most recent requests were served on March 18, 2011, only days before the March 22, 2011 deadline for non-dispositive motions, and thus, "[t]here was not enough time for another frivolous session with plaintiffs."[14] Defendants made no attempt to meet

---

[12] Fed. R. Civ. P. 26(c).

[13] 4/12/11 Reply to Opp'n to Mot. Protect. Order Over Cum. Disc. at 3:16-19 (Docket No. 176).

[14] 4/12/11 Reply to Opp'n to Mot. Protect. Order Over Cum. Disc. at 4:3 (Docket No. 176).

and confer as required by Rule 26.  Defendants' motion for a protective order is therefore DENIED.

### IV. MOTION FOR SANCTIONS

Although the court has granted Defendants' motion to quash the subpoena directed to Gilmore, Crawford took reasonable steps to avoid imposing undue burden or expense on Gilmore.  Thus, sanctions pursuant to Fed. R. Civ. P. 45 are not warranted.[15]  As the remaining motions to quash and the motions for protective orders have all been denied, the motion for sanctions is also DENIED.

Dated: April 28, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[15] Defendants request sanctions under Fed. R. Civ. P. 26(c)(3), which applies the Fed. R. Civ. P. 37(a)(5) standard to award expenses if a motion for a protective order is granted.  That standard is inapplicable to Defendants' motion to quash the subpoena issued to Gilmore.  Furthermore, sanctions would not be warranted under the Rule 37 standard because Crawford's argument that attorney-client privilege was waived was substantially justified.