UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CRAWFORD, and NEW HORIZON FOODS, INC., a California corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>ZACHARIA MELZER, YAEL MELZER, and TOVA INDUSTRIES, LLC, a Kentucky limited liability company,<br><br>    Defendants. | Case No.: C 10-00280 RS (PSG)<br><br>**ORDER RE DISCOVERY DISPUTE STATUS CONFERENCE**<br><br>**(Re: Docket No. 244)** |

On November 16, 2011, Plaintiffs Kenneth Crawford and New Horizon Foods, Inc. ("Plaintiffs") and Defendants Tova Industries, LLC, Zacharia Melzer and Yael Melzer ("Defendants") presented the court with their respective positions on the adequacy of Defendants' response to two sets of discovery requests. Plaintiffs seek an order requiring (1) complete and non-evasive supplemental responses from Yael Melzer and Tova Industries to Plaintiffs' Fifth Set of Special Interrogatories no. 25; (2) complete and non-evasive supplemental responses from all three Defendants to Special Interrogatory no. 26; and (3) supplemental responses to Plaintiffs' Requests For Production (RFP) nos. 120 - 127.

Interrogatory nos. 25 and 26 address Defendants' net worth and ask for a statement of net

ORDER, *page 1*

worth for each Defendant, as well as a detailed statement setting forth "every fact supporting or evidencing your contentions as to your net worth, including the identification and value of all of your assets and liabilities." RFP nos. 120-127 request the production of those documents "supporting or evidencing your net worth," as stated in response to interrogatory no. 25, including tax returns, documents evidencing shares of stock, interest in real property, outstanding loans or debts, bank accounts, and generally "evidencing or setting forth any asset owned by you."

Defendants contend that they have responded in full to these discovery requests by way of 1) Zachariah Melzer's verified interrogatory responses on behalf of himself and his wife and co-defendant, Yael Melzer, and 2) the most recent financial statement for the Melzers (jointly) and for Tova Industries. Defendants argue that the financial statements constitute "information about [Defendants'] net worth" that is both responsive to the discovery requests and sufficient to comply with the court's April 28, 2011 order.[1]

Defendants have read the court's April 28 order too narrowly. Providing a response to net worth discovery that is limited to "present net worth" is not the equivalent of handing over a single financial statement "snapshot" and foregoing responses to the related and relevant requests for the supporting detail and documentation. While Defendants need not provide information relating to any time period beyond the present year, Defendants are responsible for making reasonable efforts to search for responsive documents – including those detailing the assets and liabilities described in the statement of net worth or financial statement – and to provide complete responses. Accordingly, Defendants are to supplement their responses as follows:

1. Yael Melzer and Tova Industries each shall provide a verified response to interrogatory no. 25;

2. Yael Melzer, Zachariah Melzer, and Tova Industries each shall provide a supplemental, verified response to interrogatory no. 26, including specific references to supporting documentation provided in response to the RFPs;

3. Yael Melzer, Zachariah Melzer, and Tova Industries each shall produce all discovery responsive to RFP nos. 120-127 for the present year only.

All supplemental interrogatory responses shall comply with Fed. R. Civ. P. 33(d), and all responsive documents or things shall be designated by Bates number. Defendants shall serve their supplemental

---

[1] On April 28, 2011, the court issued an order denying Defendants' motion for a protective order regarding net worth discovery. *See* Docket No. 200 at 3-5.

responses no later than December 19, 2011.

**IT IS SO ORDERED.**

Dated: November 17, 2011

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge